# United States District Court
for the
Southern District of Indiana

| | | |
|---|---|---|
| Jeffrey Laux, and | ) | |
| Regina Laux, | ) | |
|      *Plaintiffs*, | ) | |
| | ) | |
|    v. | ) | Case No. 1:19-cv-1271-JPH-DML |
| | ) | |
| Westfield Insurance Company, | ) | |
| Westfield National Insurance Company, and | ) | |
| American Select Insurance Company, | ) | |
|      *Defendants*. | ) | |

## CASE MANAGEMENT PLAN

### I.    Parties and Representatives

    A.    Plaintiff is represented by:

> Robert D. King, Jr. (#20963-49)
> David R. Thompson (#28806-29)
> ROB KING & ASSOCIATES, TRIAL LAWYERS
> 22 E. Washington St., Suite 310
> Indianapolis, IN 46204
> Phone: (317) 916-0000
> Fax: (317) 955-1844
> Email: rking@robertkinglaw.com
>       dthompson@robertkinglaw.com

    B.    Defendants are represented by:

> Rebecca J. Maas (#14090-49)
> Kimberly E. Howard (#16075-49)
> SMITH FISHER MAAS HOWARD & LLOYD, P.C.
> 7209 N. Shadeland Avenue
> Indianapolis, Indiana 46250
> Phone: (317) 578-1900
> Fax: (317) 578-1330
> Email: RMaas@smithfisher.com
>       KHoward@smithfisher.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   Jurisdiction and Statement of Claims

A.    This court has diversity jurisdiction under 28 U.S.C. § 1332.

B.    Plaintiff's synopsis

On April 16, 2017, Jeff was riding his bike on Whitestown Road in Zionsville, Indiana, when Pamela Weaver negligently operated her vehicle and struck Jeff, causing Jeff to suffer severe injuries.  Weaver only had $50,000.00 in liability coverage, which Weaver's insurer paid to Jeff.  Defendants issued an insurance policy to Jeff with an underinsured motorist coverage limit of $500,000.00. Defendant have breached their contract with Jeff by failing to pay to Jeff the damages, in excess of $50,000.00, he suffered as a result of Weaver's  negligence. In addition, Defendants have breached their duty to exercise reasonable care, skill, and good faith diligence in performing their duties under the insurance policy issued to Jeff.

C.    Defendants' Synopsis

Pre-suit, Plaintiffs, Jeffrey and Regina Laux, and Defendant, American Select negotiated unsuccessfully and attempted to settle Laux' UMBI claim against American Select Policy.  American Select contends that additional information was needed to evaluate certain aspects of the Plaintiffs' claims. American Select has a good faith disagreement with Plaintiffs about the amount of compensatory damages which the Plaintiffs are legally entitled to recover from the underinsured motorist and also a good faith basis as to the nature and extent of the damages claims.  Plaintiffs have further failed to plead their bad faith and punitive damage claims against American States with the requisite specificity.

## III.   Pretrial Pleadings and Disclosures

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 29, 2019**.

B.    Plaintiff shall file preliminary witness and exhibit lists on or before **August 5, 2019**.

C.    Defendants shall file preliminary witness and exhibit lists on or before **August 12, 2019**.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **August 28, 2019**.

Sec. III E.  The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd.uscourts.gov*. There is no need to follow the email with a hard copy.

E.     Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **August 28, 2019**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within **30 days after receipt** of the demand.

F.     Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 30, 2020**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendants shall make their expert disclosure on or before **April 30, 2020**.

G.     Notwithstanding the provisions of paragraph (F) above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **July 1, 2020**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **May 28, 2020**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     The Defendant American Select believes that a stay and/or bifurcation of discovery and/or trial is appropriate with respect to the Plaintiffs' claims for UMBI coverage and the Plaintiffs' claims asserting bad faith and punitive damages. It is the Defendant's position that if bifurcation is granted, the discovery schedule identified in Section IV would be altered accordingly. Plaintiffs do not agree that any stay or bifurcation of discovery is legally warranted and object to a bifurcation of trial. To the extent the Court considers any motion in this regard, Plaintiff intends to file a response and requests a hearing regarding same.

K.     The parties have discussed preservation and disclosure of electronically stored

discovery information, including a timetable for making the materials available to the opposing party.

1.  <u>No ESI Supplement Required</u>.  Inasmuch as neither party is seeking a substantial volume of ESI, the parties have not completed the ESI Supplement to the Report of the Parties' Planning Meeting.

2.  <u>Production of Electronic Documents</u>.  Emails and all email attachments shall be produced in paper format.  Other electronic documents which are not attached to emails may be produced on either a compact disc or thumb drive, in PDF form if possible.

3.  <u>Other electronically-stored information issues the parties believe may be relevant to discovery in the case</u>.  None at this time.

<u>Claw Back Provision</u>.  In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   <u>Discovery[1] and Dispositive Motions</u>

A.  Defendant intends to move for partial summary judgment against Plaintiffs' bad faith and punitive damage claims. The Defendant believes a partial summary judgment on these claims is warranted on the following facts and arguments:

(1) the Plaintiffs' failure to plead their bad faith and punitive damage claims with requisite specificity (See, Bell Atlanta Corp. v. Twombly, 550 U.S. 544, 555(2007); H.E. Mcgonigal v. Harleysville Lake States Ins. Co., 2016 WL 4541433 (S.D. Ind. August 31, 2016);

(2) American Select's has a good faith dispute as to the amount of damages

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

that the Plaintiffs are entitled to recover. (See, Erie Ins. Co. v. Hickman by Smith, 622 N.E.2d 515, 520 (Ind. 1993).

B.      On or before **February 4, 2020**, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Discovery Track:

√√   Track 2: Dispositive motions are expected and shall be filed by **March 30, 2020**; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 28, 2020**; expert witness discovery and discovery relating to damages shall be completed by **June 29, 2020**.  All remaining discovery shall be completed by no later than **July 28, 2020**.[2]

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.      Pre-Trial/Settlement Conferences

An initial pre-trial conference has been scheduled for May 20, 2019.

At any time, any party may call the Judge's staff to request a conference, or the Court may sua sponte schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  The parties recommend a settlement conference in **December 2019**.

## VI.      Trial Date

The parties request a trial date in **November 2020**.  The trial is by jury and is anticipated to take three days.

## VII.      Referral to Magistrate Judge

At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

---

[2] Per Section III, J, the Defendant contends that the discovery schedule may be altered should bifurcation be granted on the issues of bad faith and punitive damages.

VIII.   **Required Pre-Trial Preparation**

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.   Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.   **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   Notify opposing counsel in writing of any objections to the proposed

exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   <u>Other Matters</u>

The Parties agree that Defendants Westfield Insurance Company and Westfield National Insurance Company should be dismissed from this litigation. American Select Insurance Company is the only proper party Defendant.

<u>/s/ David R. Thompson</u>
David R. Thompson (#28806-29)
ROB KING & ASSOCIATES, TRIAL LAWYERS
22 E. Washington Street, Suite 310
Indianapolis, IN 46204
Phone: (317) 916-0000
Fax: (317) 955-1844
Email: dthompson@robertkinglaw.com

<u>/s/ Rebecca J. Maas</u>
Rebecca J. Maas (#14090-49)
SMITH FISHER MAAS HOWARD & LLOYD, P.C.
7209 N. Shadeland Avenue
Indianapolis, Indiana 46250
Phone: (317) 578-1900
Fax: (317) 578-1330
Email: RMaas@smithfisher.com

_____X_____          PARTIES APPEARED BY COUNSEL ON **May 20,,2019**,

                     FOR AN INITIAL PRETRIAL CONFERENCE. APPROVED
_____        AS SUBMITTED.

_____x_____      APPROVED AS AMENDED.

_____        APPROVED AS AMENDED PER SEPARATE ORDER.

_____        APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE
                     SHORTENED/LENGTHENED BY _____ MONTHS.

_____        APPROVED, BUT THE DEADLINES SET IN SECTION(S)
                     _____ OF THE PLAN IS/ARE
                     SHORTENED/LENGTHENED BY _____ MONTHS.

_____        THIS MATTER IS SET FOR TRIAL BY _____ ON
                     _____ . FINAL PRETRIAL
                     CONFERENCE IS SCHEDULED FOR
                     _____AT _____ .M.,
                     ROOM _____ .

_____        A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE
                     FOR _____ AT _____ .M. COUNSEL SHALL
                     APPEAR:

                     _____ IN PERSON IN ROOM_____ ; OR

                     _____BY TELEPHONE, WITH COUNSEL FOR
                     INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING
                     THE COURT JUDGE AT ( ____) _____ ; OR

                     _____BY TELEPHONE, WITH COUNSEL CALLING THE

                     JUDGE'S STAFF AT ( ____ ) _____ .

_____x_____        DISPOSITIVE MOTIONS SHALL BE FILED BY **March 30, 2020.**

_____X_____      NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL
                     BE COMPLETED BY **January 28, 2020.**

8

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date: 6/6/2019

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

9